**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GLENN MCCRORY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-04426 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| VILLAGE OF LYNWOOD, | ) | |
| LYNWOOD POLICE DEPT., and | ) | |
| RAY & WALLY'S TOWING, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Glenn McCrory ("Plaintiff") brings claims against the Village of Lynwood ("Lynwood"), the Lynwood Police Department ("LPD"), and Ray & Wally's Towing ("R&W") alleging constitutional violations under 42 U.S.C. § 1983. Before the Court are Lynwood and LPD's motion to dismiss, as well as R&W's motion to dismiss, Plaintiff's first amended complaint [13]. Plaintiff also filed a motion for leave to file a second amended complaint. For the following reasons, the Court grants Defendants' motions to dismiss [27] [30] and grants Plaintiff's motion for leave to file a second amended complaint [35].

**BACKGROUND**

The following facts are drawn from Plaintiff's complaint and accepted as true for the purpose of resolving Defendants' motions. On March 28, 2025, Plaintiff was pulled over in Lynwood without reason. Sometime thereafter, Plaintiff's vehicle was forcefully taken by LPD from his residence, without Plaintiff surrendering his vehicle. Plaintiff brought this case against the Village of Lynwood, the Lynwood Police Department, and Ray & Wally's Towing under 42 U.S.C. § 1983 for violations of due process and *Monell* municipal liability.

1

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**DISCUSSION**

The Court first notes that Plaintiff introduced additional facts in his opposition brief and during oral argument. In opposing a motion to dismiss, a plaintiff may in some cases assert new facts to support allegations in the complaint. *See Geinosky v. City of Chicago*, 675 F.3d 743, 746 n.1 (7th Cir. 2012) (internal quotations and citations omitted); *see also Sorrentino v. Godinez*, 2013 WL 5497244, at *1 (N.D. Ill. Oct. 3, 2013) (Durkin, J.) ("The Court may also consider elaborations made by plaintiffs in opposing the motion to dismiss, so long as those elaborations are consistent with the facts alleged in the complaint."). Thus, to the extent that they do not contradict Plaintiff's allegations, the Court may consider these supplemental facts for the purpose of the instant motions.

    **I.     Lynwood and LPD's Motion to Dismiss**

In their motion to dismiss, Lynwood and LPD argue that Plaintiff failed to adequately allege that (i) Lynwood employed a custom, policy or practice which caused his alleged constitutional deprivation, as required for municipal liability, *see Monell v. Department of Social Services*, 436 U.S. 658, 691–92 (1978); (ii) the LPD lacked probable cause to initiate a traffic stop; and (iii) he was entitled any additional process required to impound his vehicle.

The Court agrees that Plaintiff has not alleged any custom, policy, or practice employed by the municipality which caused any deprivation of his constitutional rights. As such, he failed to sufficiently plead claims against Lynwood, and the Court must dismiss Plaintiff's *Monell* claims.

The alleged constitutional deprivations cause by the LPD are that they lacked reason to conduct a traffic stop, and that they violated Plaintiff's due process in impounding his vehicle. In his opposition brief and during oral argument, Plaintiff stated that the basis LPD officers gave for stopping and arresting him were that he was driving on a suspended driver's license. Based on his circumstances, Plaintiff did not believe this to be a valid reason for the stop. But regardless of whether Plaintiff had a valid reason why his license was mistakenly shown as suspended, it is well-established that "a traffic violation can constitute probable cause for an arrest, including driving without a license." *Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013) (internal citation omitted). Because the existence of probable cause depends on what LPD officers "knew at the time that [they] decided to stop the vehicle," *Carmichael v. Vill. of Palatine,* 605 F.3d 451, 458 (7th Cir. 2010), the officers had probable cause to conduct a traffic stop based on their knowledge of Plaintiff's suspended license.

Similarly, Plaintiff asserts that he was deprived of due process when LPD impounded his vehicle because he had not engaged in any misconduct, was compliant with LPD officers, and did not provide them permission to take his property. Defendants concede that Plaintiff had a protected property interest in his vehicle and that he was deprived of that property interest. Nevertheless, in cases where a violation results in an immediate tow, there need only be adequate post-deprivation procedures to conform with due process. *Matter of Mance*, 31 F.4th 1014, 1022 n.7 (7th Cir. 2022); *see also Gable v. City of Chicago*, 296 F.3d 531, 539–40 (7th Cir. 2002) (holding that due process rights were not violated where city deprived plaintiffs of impounded vehicles because there was no deliberate indifference and adequate post-deprivation remedies were available). To the extent Plaintiff also suggests that part of the alleged due process violation was his inability to recover his vehicle, he offers no facts in Plaintiff's complaint, nor in his opposition brief, nor in his presentation during oral argument to support an inference that there was no such post-deprivation remedy available.

3

Because Plaintiff has not sufficiently alleged underlying constitutional violations, his claims against LPD must be dismissed.

## II.     R&W's Motion to Dismiss

In his opposition Plaintiff asserts that LPD called R&W and that R&W "came into [Plaintiff's] yard and took possession of [his] work truck without [his] permission." R&W sets forth its own statement of facts in its motion to dismiss. However, a "defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations" because "[t]he attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Smith v. Burge*, 222 F. Supp. 3d 669, 691 (N.D. Ill. 2016) (St. Eve, J.) (quoting *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987)) (internal quotation marks omitted). However, any additional facts asserted by R&W are unnecessary for the Court to rule on its motion.

Private actors are deemed to have acted "under color of state law" when "the state effectively directs or controls the actions of the private party," to such an extent that the state "can be held responsible" for the party's actions. *Camm v. Faith,* 937 F.3d 1096, 1105 (7th Cir. 2019). Plaintiff's claim against R&W for towing his vehicle rests on the alleged due process violation, because it acted at the behest of the LPD. However, because Plaintiff has not plausibly plead a violation of his due process in impounding his vehicle, and alleges no other constitutional violation by R&W, he has failed to state a claim against R&W under § 1983. Because Plaintiff failed to state a claim against R&W, his claims against R&W must also be dismissed.

## III.     Motion to Amend

Before briefing on the motions to dismiss was completed, Plaintiff filed a motion for leave to file a second amended complaint. (Dkt. 35). After a party has amended its pleading once as a matter of course, future amendments may be made only with the opposing party's written consent or the

court's leave. Fed. R. Civ. P. 15. "Rule 15(a) provides that a court 'should freely give leave [to amend] when justice so requires.'" *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022) (quoting Fed. R. Civ. P. 15(a)). A court "may deny leave to amend where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith." *White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022).

Plaintiff represents in his motion that "[r]elevant factual developments have become available since the filing of the prior complaint that warrant amendment," including facts that "clarif[y] and supplement[s] Plaintiff's claims." If that is the case, the Court finds that amendment is not yet decidedly futile and is inclined to "freely give leave" to Plaintiff, who is proceeding *pro se*. Accordingly, the Court grants Plaintiff's motion to file a second amended complaint.

**CONCLUSION**

For the foregoing reasons, the Court grants both Defendants' motions to dismiss without prejudice [27] [30], and grants Plaintiff's motion for leave to file a second amended complaint [35]. Plaintiff may file his amended complaint within 21 days. If Plaintiff does not file an amended complaint in 21 days, the complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 5/11/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge