**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLENN MCCRORY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-04426 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| VILLAGE OF LYNWOOD, | ) | |
| LYNWOOD POLICE DEPARTMENT, | ) | |
| and RAY & WALLY'S TOWING INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Glenn McCrory ("Plaintiff") brought this case *pro se* against the Village of Lynwood ("Lynwood"), the Lynwood Police Department ("LPD"), and Ray & Wally's Towing Inc. ("Ray & Wally's" and, together with Lynwood and LPD, "Defendants"). He alleges constitutional violations stemming from a DUI prosecution for which Plaintiff was initially convicted but, thereafter, was stayed and dismissed. Before the Court are Plaintiff's Motion for Sanctions Against Lynwood and LPD's Attorneys Jennifer K. Schwendener & Michael Barracato [50]; Plaintiff's Motion for Sanctions Against Ray & Wally's Attorney Jumana Abdelrahman [51]; and Defendant Ray & Wally's Motion to Strike Plaintiff's Motion for Sanctions [53]. For the reasons set forth below, the Court denies Plaintiff's Motions for Sanctions and grants Defendant Ray & Wally's Motion to Strike.

**LEGAL STANDARD**

The purpose of sanctions under Federal Rule of Civil Procedure 11 is to "deter baseless filings in the district court." *Eberhardt v. Walsh*, 122 F.4th 681, 686 (7th Cir. 2024); *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). Rule 11 requires attorneys to certify that their court filings are supported by existing law, grounded in evidence, and not filed for an improper purpose. *See* Fed. R.

Civ. P. 11(b). Sanctions under Rule 11 are warranted if filings are made "with improper motives or without adequate investigation." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002). Courts evaluate potential Rule 11 violations under an objective reasonableness standard, and the imposition of sanctions is discretionary rather than mandatory. *See N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 886 (7th Cir. 2017).

**DISCUSSION**

Plaintiff claims that Defendants' counsel "mis[led] [the Court] and knowingly presented false facts." Specifically, he argues that in Defendants' motions to dismiss, they (1) falsely asserted that Plaintiff was convicted of a DUI at the time of the alleged traffic stop, and (2) baselessly asserted that law enforcement had probable cause to stop and arrest Plaintiff before seizing his vehicle.

**I. Plaintiff's Alleged DUI Conviction**

In both of his Motions for Sanctions, Plaintiff claims that Defendants made false statements concerning Plaintiff's DUI conviction. However, Plaintiff's allegations directly contradict his claim that he "was not convicted of a DUI." Plaintiff's Second Amended Complaint alleges that "Plaintiff was found guilty of a DUI in the Town of Schererville Indiana, in absentia due to a failure to appear" and that subsequently "Plaintiff's Illinois Driver [*sic*] License was suspended." Dkt. 40 at ¶ 7. He now appears to claim that his allegations are false because his charges were ultimately dismissed and expunged from his record. Nevertheless, Defendants' attorneys clearly do not introduce any new facts about his initial conviction in their Motions to Dismiss.

**II. LPD's Reason and Probable Cause for the Traffic Stop**

*a. LPD's Reason for Stopping Plaintiff*

Plaintiff claims that Ray & Wally's statement that "Plaintiff was pulled over … because of alleged Driving Under the Influence" is misleading to the Court. Ray & Wally's states in its Motion to Dismiss that Plaintiff was "the suspect in the Lynwood Police's investigation for a driving under

the influence ("DUI") incident." Dkt. 41 at *2. That statement does not assert the reason for LPD's stop. Even if it did, Plaintiff alleges that "[t]he underlying reason the police pulled over Plaintiff was terminated in the Plaintiff's favor on March 24, 2025." Dkt. 40 at ¶ 16. Plaintiff also alleges that the "underlying reason" for his license suspension, prompting LPD's traffic stop, was his DUI conviction. Based on his Second Amended Complaint it was reasonable for Ray & Wally's attorney to represent to the Court that LPD's traffic stop was related to Plaintiff's DUI conviction.

Plaintiff also argues that Lynwood and LPD "can not claim that they had 'legal' cause for pulling over Plaintiff on March 28, 2025 without providing proof." Dkt. 40 at ¶ 9. Plaintiff alleges that when he was pulled over by LPD, his license "came up suspended" when officers searched his license plate number. Dkt. 40 at ¶ 12. Lynwood and LPD's Motion to Dismiss does not assert new facts to justify probable cause retroactively. Rather, Lynwood and LPD's attorneys argue that Plaintiff's allegations have not shown a lack of probable cause.

Defendants' statements in their Motions to Dismiss are plainly grounded in the allegations in Plaintiff's Second Amended Complaint and assert no new statements of fact at all, let alone any false facts. Defendants' Motions to Dismiss are a far cry from the "baseless filings" warranting Rule 11 sanctions, so any such sanctions against Defendants' attorneys are inappropriate. Accordingly, the Court finds that both of Plaintiff's Motions for Sanctions should be stricken.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's Motions for Sanctions [50], [51] and grants Defendant Ray & Wally's Motion to Strike [53].

**IT IS SO ORDERED.**

Date: 10/7/2026

Entered: ______________________________

SHARON JOHNSON COLEMAN
United States District Judge