**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLENN MCCRORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-04426 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| VILLAGE OF LYNWOOD, | ) | |
| LYNWOOD POLICE DEPT., and | ) | |
| RAY & WALLY'S TOWING, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The Court grants Defendant Ray & Wally's Towing's motion to dismiss, (Dkt. 41), Defendants Village of Lynwood and Lynwood Police Department's motion to dismiss, (Dkt. 45), and denies Plaintiff Glenn McCrory's motion to reconsider, (Dkt. 60). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As he did in his first amended complaint—which the Court dismissed earlier this year (Dkt. 39)—Plaintiff alleges in his second amended complaint that on April 20, 2023, he was found guilty-in-absentia of a DUI in Indiana state court that led to his Illinois license being suspended (Dkt. 40 at ¶7). Eight days later, the court stayed his guilty verdict and granted him a new trial on the charge. (*Id.* at ¶8). The guilty charge was later dismissed on March 24, 2025. (*Id.* at ¶11). In the meantime, Plaintiff tried to work with the Illinois Secretary of State to get his license reinstated but "had no luck" in doing so. (*Id.* at ¶9).

On March 28, 2025, Plaintiff was pulled over by police officers from the Lynwood Police Department after a search of his license plate showed that he was driving on a suspended license. (*Id.* at ¶12). Plaintiff refused to surrender and give up his vehicle and instead drove home. (*Id.*) When he arrived at home, he was taken into custody by several police officers and charged with driving on a suspended license, driving on expired registration, fleeing a police officer, and disobeying police. (*Id.*) His vehicle was subsequently impounded by Defendant Ray & Wally's, a contractor for the Village of Lynwood. (*Id.*)

Construing Plaintiff's second amended complaint in a light most favorable to him, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), Plaintiff brings several claims against the defendants, all pursuant to 42 U.S.C. § 1983: unlawful search and seizure in violation of the Fourth Amendment against the Lynwood Police Department; a *Monell* claim against the Village of Lynwood for violation of his constitutional rights, namely denial of procedural due process in the impoundment of his vehicle in violation of the Fourteenth Amendment and excessive fines in violation of the Eighth Amendment;

and a similar procedural due process claim against Ray & Wally's in violation of the Fourteenth Amendment.

None of these claims survive Defendants' motions. Section 1983 provides a cause of action against any person who, acting under the color of law, subjects or causes another to subject the plaintiff to the deprivation of a federally protected right. *Monroe v. Pape*, 365 U.S. 167 (1961) (explaining the history of § 1983). As evident by the text of the statute, a § 1983 claim can only be brought against a person; a plaintiff cannot hold a municipality or municipal entity vicariously liable for an employee's misconduct. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021) ("Municipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents. Only actions of the entity will suffice."). A municipality or municipal entity—such as a police department—can be liable under § 1983 only if it had an actual or de facto policy or custom that caused the alleged constitutional violation. *Id.* (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

Here, although Plaintiff's second amended complaint references the conduct of certain police officers, he brings his Fourth Amendment claims against the Lynwood Police Department as a municipal entity. That pleading defect alone is fatal to his § 1983 claims. But even if Plaintiff had properly sued the arresting officers, his Fourth Amendment claims would fail because his suspended license and subsequent refusal to surrender provided the officers with probable cause for his arrest. *See Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013) ("[A] traffic violation can constitute probable cause for an arrest, including driving without a license."); *Lee v. Harris*, 127 F.4th 666, 672 (7th Cir. 2025) (explaining that probable cause "is an absolute defense" to an alleged violation of the Fourth Amendment).

His Fourth Amendment claims having failed, Plaintiff is left with his *Monell* claims tied to the alleged Fourteenth Amendment procedural due process violations and his Eighth Amendment excessive fines claims. But these claims fair no better. To succeed on a *Monell* claim, a plaintiff must plead facts that plausibly suggest that: (1) "[he] was deprived of a constitutional right"; (2) "the deprivation can be traced 'to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself'"; (3) "the policy or custom demonstrates municipal fault, i.e., deliberate indifference"; and (4) "the municipal action was the moving force behind the federal-rights violation." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (quoting *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021)). His second amended complaint states in general terms that the Village of Lynwood had a practice of arresting drivers under unverified claims, failed to train officers in proper arrest procedure and the seizure of vehicles, and had no procedure in place to get his vehicles out of impound. But these general allegations, unsupported by any factual basis, do not permit the reasonable inference that such practices and policies exist to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555, 557 (explaining that pleadings that offer "labels and conclusions" or "naked assertion[s] … without some further factual enhancement" are insufficient to satisfy federal pleading requirements).

Nor, for that matter, do his factual allegations support an inference that he suffered constitutional violations that could be traced to such policies or practices. Plaintiff's Fourteenth Amendment claim fails for the same reason the Court explained in its prior order: where a violation results in an immediate tow, there need only be adequate post-deprivation procedures to conform with due process. *Matter of Mance*, 31 F.4th 1014, 1022 n.7 (7th Cir. 2022); *see also Gable v. City of Chicago*,

296 F.3d 531, 539–40 (7th Cir. 2002) (holding that due process rights were not violated where city deprived plaintiffs of impounded vehicles because there was no deliberate indifference and adequate post-deprivation remedies were available). Plaintiff's factual allegations do not support the inference that Defendants' remedies regarding impoundment and recovery were so inadequate or nonexistent so as to violate due process. Instead, they show only that Plaintiff was upset that the impoundment occurred in the first place.

As for his Eighth Amendment claim, Lynwood's code and Illinois law permit impoundment of a vehicle where, as Plaintiff admits, an individual's driver's license was suspended. *See* Lynwood Village Code § 102-164(a)(2); 720 ILCS 5/36-1(a)(6)(A)(i); 625 ILCS 5/11-208.7. But for a passing citation to *Timbs v. Indiana*, 586 U.S. 146 (2019), which dealt only with the question of whether the Fourteenth Amendment incorporated the Eighth Amendment's Excessive Fines Clause against the States, Plaintiff provides no factual allegations as to why these ordinances and statutes constitute punitive and grossly disproportionate sanctions facially or as applied to him, particularly given that he admits that his license was suspended at the time of his stop and arrest.

The absence of any constitutional violation also necessitates dismissal of his claims against Ray & Wally's. As the Court stated in its prior order, private actors are deemed to have acted "under color of state law" when "the state effectively directs or controls the actions of the private party," to such an extent that the state "can be held responsible" for the party's actions. *Camm v. Faith,* 937 F.3d 1096, 1105 (7th Cir. 2019). Regardless of whether Ray & Wally's contract and conduct meets this standard such that it is a viable defendant under § 1983, Plaintiff's Fourth and Fourteenth Amendment claims against the towing company fail for the same reasons as those against the Village of Lynwood and the Lynwood Police Department.

* * *

After reviewing the content of Plaintiff's pleadings and subsequent motions for relief, it is clear that Plaintiff's suit is premised on his belief that because his underlying DUI charge had been dismissed by the State of Indiana four days prior, his Illinois driver's license was not suspended when he was stopped by Lynwood police officers on March 28, 2025. But Plaintiff admits in his second amended complaint that he had been unable to follow the procedure set forth by the Illinois Secretary of State to get his license reinstated and that his license came up as suspended when the police officers checked it against their system on the day he was arrested. It is apparent from his filings that Plaintiff is frustrated and feels aggrieved by not only the named defendants in this case but also the Illinois Secretary of State and the Indiana state courts. But his frustration, grievances, and factual allegations neither constitute nor plead a constitutional violation so as to survive scrutiny in either federal or state court. Accordingly, for the reasons stated in this order, the Court grants Defendant Ray & Wally's Towing's motion to dismiss and Defendants Village of Lynwood and Lynwood Police Department's motion to dismiss. The Court denies Plaintiff's motion to reconsider its denial of his motions for sanctions against Defendants for the same reasons. And because Plaintiff's factual allegations demonstrate that further amendment would be futile, *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022), the Court denies Plaintiff leave to file a third amended complaint and dismisses his second amended complaint with prejudice. Plaintiff is admonished that filing motions for reinstatement, vacatur, reconsideration, or similar relief premised on arguments the Court has already rejected in this and prior orders may be subject to summary denial and penalty, including

sanctions as made available by Federal Rule of Civil Procedure 11(b) and restrictions on filing within the Northern District of Illinois. If Plaintiff disagrees with the Court's judgment in this case, the proper avenue for relief is the Seventh Circuit Court of Appeals. Civil case terminated.

**IT IS SO ORDERED.**

Date: 11/4/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge